IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

REGINALD EUGENE GRIMES
    Reg. No. 40127-004

    Petitioner,

v.                                                                  Case No. 3:22cv9927/LC/MAL

WARDEN M.V. JOSEPH,
FPC PENSACOLA

    Respondent.
_____/

# REPORT AND RECOMMENDATION

This case is before the Court on Respondent's Motion to Dismiss Mischaracterized, Unauthorized Second § 2255 Petition for Lack of Jurisdiction. Doc. 16. Petitioner responded in opposition (Doc. 19) and this matter is ripe for review. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that the motion to dismiss be granted and the § 2241 petition be dismissed.

I. **Background**

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in July of 2022. He filed an amended petition pursuant to Court order which is the operative petition in this case. Doc. 4.

Petitioner separates his allegations into two grounds for relief, each relating back to the criminal conviction giving rise to his current custodial sentence. He first claims the district court violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments and violated Federal Rule of Criminal Procedure 32 by failing to resolve all his objections to the PSR at sentencing. Doc. 4 at 3. Second, he claims he is incarcerated on "unresolved factual issues" and that his Presentence Investigation Report ("PSR") shows he is actually and factually innocent in contrast to the evidence adduced at trial. *Id.*

On January 13, 2015, Petitioner was charged in the United States District Court for the Southern District of Florida Case 9:15cr80003-DMM[1] with conspiracy to distribute a controlled substance and a single substantive count of possession with intent to distribute. SDFL CR, ECF No. 3. Petitioner represented himself with the assistance of stand-by counsel in that case. A jury convicted him as charged, and the district court sentenced him to concurrent terms of 168 months' imprisonment.

---

[1] Citation references to this case will be styled "SDFL CR, ECF No. __."

SDFL CR, ECF No. 773. Judgment was entered on October 8, 2015, and he promptly filed a notice of appeal. SDFL CR, ECF Nos. 773, 777. On October 19, 2015, Petitioner filed a motion to correct his PSR, which the district court later denied, and the Eleventh Circuit affirmed.[2] SDFL CR, ECF Nos. 781, 919, 936.

On appeal, Petitioner did not raise any of the issues he seeks to raise in the instant petition. He asserted the district court erred by (1) restricting his cross examination of an adverse witness; (2) denying his motion to dismiss the charges based on the Government's failure to correct perjured testimony before the grand jury and presentation of perjured testimony at trial; and (3) by applying a firearm enhancement. SDFL CR, ECF No. 883 at 4. The Eleventh Circuit rejected his arguments in turn and affirmed on August 25, 2017. *Id.*

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 that was assigned Southern District of Florida Case No. 9:18cv80053-DMM.[3] He raised fifteen claims

---

[2] The district court did not rule on the motion until August 19, 2019, after the conclusion of the direct appeal. SDFL CR ECF No. 919. Petitioner appealed, and the Eleventh Circuit affirmed, finding Rule 32, standing alone, did not confer jurisdiction on the district court to consider a post-judgment motion to correct a PSI based on an alleged Rule 32 violation," and to the extent Petitioner attempted to claim ineffective assistance of counsel, the court would not consider such a claim raised for the first time on appeal. ECF No. 936 at 6, 7. The appellate court specifically stated that a "§ 2255 motion is the appropriate mechanism by which to bring the claims [Petitioner] has raised. *Id.* at 8.

[3] Citation references to this case will be styled "SDFL CV, ECF No. __."

in the 70-page motion, which the district court required him to amend.[4] SDFL CV, ECF Doc. 1, 8.

In his amended § 2255 motion Petitioner claimed: (1) the Government violated his rights by presenting false statements and perjured testimony at trial; (2) the district court violated his constitutional rights at sentencing by not allowing him to argue his objections to the PSR as required by Federal Rule of Criminal Procedure 32, by improperly applying a firearm enhancement and by sentencing him to 168 months' imprisonment on the substantive charge; (3) the Government lied to the district court during the sentencing hearing; (4) appellate counsel was constitutionally ineffective. SDFL CV, ECF No. 9.

As relevant to the instant petition, the Southern District magistrate judge recommended the § 2255 motion be denied. The court found, contrary to Petitioner's claim that the district court refused to allow him to argue objections to the PSR at sentencing, that the court gave Petitioner "great leeway to argue his objections." SDFL CV, ECF Doc. 45 at 21. The recommendation further noted that Petitioner "agreed that the District Court covered all of his objections to the PSR." *Id.* at 22.

---

[4] In Ground 11 of the motion Petitioner claimed the district court erred in not ruling on Petitioner's objections to the PSR, and in not allowing him to argue PSR issues on the record in violation of both Fed. R. Crim .P. 32 and his constitutional rights. SDFL CV, ECF Doc. 1 at 54. He also claimed appellate counsel was constitutionally ineffective. *Id.* at 62.

The district court's order adopting this recommendation reiterated that the court had determined at sentencing that none of Petitioner's objections affected the guidelines calculations and thus it overruled his objections and disallowed additional objections, neither of which was a violation of Petitioner's rights. SDFL CV, ECF No. 49 at 2. Both that court and the Eleventh Circuit denied Petitioner's request for a certificate of appealability, and his appeal was dismissed on July 31, 2020. SDFL CV, ECF Doc. 60. On May 6, 2022, the Eleventh Circuit denied Petitioner's second amended motion for a certificate of appealability, and the Supreme Court denied his petition for a writ of certiorari on December 6, 2022. SDFL CV, ECF Doc. 76, 77.

As noted above, Petitioner filed the instant petition in July of 2022. He claims in Ground One of his amended memorandum that he is factually and actually innocent of his convictions and sentences based on unresolved objections to his PSR. He maintains that his PSR contradicts trial evidence with respect to drug quantity and the Government did not meet its burden of proof. *Id.* at 14-15.

In Ground Two, Petitioner contends he is "incarcerated on resolved and unresolved factual issues" because of the alleged errors of which he complains in Ground One. Doc. 4 at 15. Petitioner claims the BOP is using the allegedly unresolved issues of material fact against him, although he does not explain how.

Doc. 4 at 18. He also complains that his Inmate Central File does not contain the following documents:

(1) A copy of his Objections to the PSR along with supporting exhibits (SDFL CR, ECF No. 747);
(2) A copy of the Government's response to his objections (SDFL CR, ECF No. 754) and/or;
(3) A copy of "Appended Court's Determination(s) Pursuant to Federal Rules of Criminal Procedure Rule 32 in behalf of the Presentence Report made available to the Federal Bureau of Prisons" or a written Statement of Reasons.

Doc. 4 at 17-18.

As relief, Petitioner seeks his release from federal custody, an order directing Respondent to review the facts of his case to correct the alleged errors that the court did not correct, "and/or Remand" his case to the Southern District of Florida. Doc. 4 at 18.

Along with his motion, Petitioner filed copies of multiple grievances he filed about the purported inaccuracies in his PSR. Doc. 4 at 19-29. In response to one of his grievances about the alleged inaccuracies, Petitioner's Unit Team at the BOP inquired with the Southern District of Florida Clerk of Court in April of 2021. *See Id.* at 24. The Unit Team learned Petitioner's concerns had been addressed. *Id.* The Unit Team "was not able to obtain physical copies of the court's response to your objections, as it requires a monetary court fee transaction, which must be initiated by you with the sentencing court." *Id.* Petitioner was advised, in the Regional

Administrative Remedy Appeal dated August 11, 2021, that no further actions were required by the Unit Team, with the implication being that if he had further objections, Petitioner needed to take the matter up with the sentencing court. *Id.* Petitioner's appeal to the Central Office was denied. *Id.* at 29.

Respondent has moved to dismiss the petition as a "mischaracterized, unauthorized second § 2255 petition." The Warden contends, and the undersigned concurs, the petition is simply a challenge to Petitioner's conviction and sentence that does not properly arise under § 2241, and this Court does not have jurisdiction to entertain it.

## II.   ANALYSIS

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See United States v. Hayman*, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in *Hayman*, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the

determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See Hayman*, 342 U.S. at 212-14, 218; see also *Wofford v. Scott*, 177 F.3d 1236, 1239 (11th Cir. 1999) (overruled by *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F. 3d 1076, 1086 (11th Cir. 2017).

Section § 2255 now governs challenges to the legality of the imposition of a sentence, while § 2241 is available to challenge the continuation or execution of an initially valid confinement. See *McCarthan*, 851 F.3d at 1081 (noting that since 1948 Congress has required federal prisoners to collaterally attack their sentences via § 2255 instead of § 2241); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, deprivation of good-time credits, prison disciplinary actions, prison transfers, and certain types of detention. *See McCarthan*, 851 F.3d at 1092-93; *Antonelli,* 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir.

2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction, whereas a § 2241 petition is filed in the district of confinement. S*ee, e.g., Antonelli*, 542 F.3d at 1351-52; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *accord McCarthan*, 851 F.3d at 1089. The Eleventh Circuit has explained that, "[i]n general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013). That is to say that § 2241 does not routinely provide yet another means of attack. "[S]ection 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection." *McCarthan*, 851 F.3d at 1081. The "saving clause" provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Page 9 of 12

28 U.S.C. § 2255(e). Thus, § 2255(e) bars a § 2241 petitioner from seeking relief under the "saving clause" if the prisoner has not filed a § 2255 motion in the sentencing court or the sentencing court has denied relief, unless § 2255 is "inadequate or ineffective" to test the legality of the detention. *See, e.g., McCarthan*, 851 F.3d at 1081. Restrictions on successive § 2255 motions, the statute of limitations, procedural default or an adverse ruling on a previous § 2255 motion does not render that section inadequate or ineffective within the meaning of the saving clause. *See, e.g., McCarthan*, 851 F. 3d at 1091-92; *Darby v. Hawk-Sawyer*, 405 F. 3d 942, 945 (11th Cir. 2005). A petitioner bears the burden of establishing the ineffectiveness of the § 2255 remedy. *McCarthan*, 851 F. 3d at 1081.

Petitioner's claims in this case are, at their essence, challenges to his conviction and sentence. Doc. 4 at 2. Petitioner has not met his burden of establishing the § 2255 remedy was inadequate or ineffective. *See McCarthan*, 851 F. 3d at 1086 (distinguishing the availability of a *remedy* from the availability of *relief*.) As noted above, he has already presented his claims regarding the alleged errors in the PSR as well as the alleged constitutional and Rule 32 violations to the Southern District of Florida in his motion to correct the PSR and/or in his amended § 2255 motion. These claims were rejected in both the district court and on appeal. Petitioner may not use § 2241 to re-litigate in this forum matters previously decided against him or

to raise matters he could have pursued before the sentencing court. The applicability of the savings clause is a threshold jurisdictional issue, and if the saving clause does not apply the Court lacks jurisdiction to consider Petitioner's claims and the petition must be dismissed. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013).

Accordingly, it is respectfully RECOMMENDED:

1. Respondent's "Motion to Dismiss Mischaracterized, Unauthorized Second § 2255 Petition for Lack of Jurisiction" (Doc. 16) be **GRANTED.**

2. The Amended Petition for Writ of Habeas Corpus (Doc. 4) be **DISMISSED** without prejudice.

3. The clerk be directed to close the case file.

At Gainesville, Florida on March 10, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections

upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.